**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

**UNITED STATES OF AMERICA**                                                     **PLAINTIFF**

**VS.**                                      **CIVIL ACTION No. 5:08-cv-301-DCB-JMR**

**JULIUS DAVIS**                                                       **DEFENDANT**

## **JUDGMENT**

This cause is before the Court on the Plaintiff, United States of America's motion for default judgment **(docket entry 8)**. Having held a hearing on the motion on April 7, 2009, and after careful consideration, the Court finds as follows:

This is a forfeiture action brought by the United States on behalf of the Farm Service Agency ("FSA"), an agency within the United States Department of Agriculture. This Court has jurisdiction pursuant to 28 U.S.C. § 1345. The Defendant, Julius Davis, was properly served with process on December 30, 2008. The Defendant did not answer or otherwise respond within 20 days after being served with process, as required by Fed.R.Civ.Proc. 12(a)(1)(A)(i). On February 24, 2009, at the request of the United States, the Clerk of Court entered default against the Defendant. On March 17, 2009, the United States moved for a default judgment and served a copy of the motion on the Defendant by mail. On March 18, 2009, a Notice of Hearing, setting the hearing for April 7, 2009, was also served on the Defendant by mail.

On April 7, 2009, the Court held the hearing on the Plaintiff's motion for default judgment. Present at the hearing were counsel for the Plaintiff and the Defendant who represented himself. Pursuant to Fed.R.Civ.P. 55, the Plaintiff has shown that it is entitled to a default judgment. This Court has jurisdiction over the Defendant, and the Defendant has been made party to the action by

proper service of process. The Defendant did not timely file an answer, nor has he yet filed any document that might be construed as an answer. There is no factual dispute that Davis failed to pay the payments required under the Security Agreements (Chattels and Crops). The FSA Security Agreements provide that, if default should occur in the payment of the principal sum of money, or any installments thereon, it shall be lawful for the FSA to declare the whole amount of the loss immediately due and payable. The Security Agreements further provide that in the event of a default, the FSA may sell the property at public auction, with the proceeds to be applied to the debts. The Defendant does not contest the Plaintiff's computation of the amounts due. After considering the evidence presented and the arguments of counsel and of Mr. Davis, *pro se*, the Court finds that the Plaintiff's motion for default judgment is well taken. Accordingly,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Plaintiff, United States of America's motion for default judgment **(docket entry 8)** is GRANTED.

**FURTHER ORDERED, ADJUDGED AND DECREED** that there be judgment in favor of the United States of America, and against Defendant, Julius Davis, for the principal and interest amounts set forth below, plus post-judgment interest thereon at the legal rate as of the date of judgment as specified in 28 U.S.C. §1961, as follows:

| Loan Type | Date of Note | Principal Amount | Interest Rate | Unpaid Principal Balance As of April 7, 2009 | Accrued Interest Through April 7, 2009 |
|---|---|---|---|---|---|
| OL-R-44-02 | December 19, 2003 | $18,000.00 | 3.625% | $15,606.92 | $2,405.60 |
| OL-R-44-03 | February 10, 2005 | $5,000.00 | 3.875% | $5,000.00 | $751.63 |
| OL-R-44-04 | February 10, 2005 | $54,100.00 | 3.875% | $54,100.00 | $8,390.29 |
| OL-R-44-05 | April 21, 2005 | $8,650.00 | 4.250% | $8,650.00 | $1,317.72 |

| Total Principal and Accrued Interest as of April 7, 2009 | $96,222.16, accruing thereafter at the rate of $8.8315 per day |
|---|---|

with full recognition and maintenance of Plaintiff's mortgage, lien and security interest upon the following described property, to-wit:

| Quantity | Kind/Sex | Breed | Color | Weight | Age | Brands |
|---|---|---|---|---|---|---|
| 29 | Cattle-Beef Calves | | | 350 lbs. | | |
| 3 | Cattle-Beef Breeding Bulls | Mixed | Mixed | | 5 Years | |
| 43 | Cattle-Beef Breeding Cows | Mixed | Black | | | |

| Quantity | Kind | Manufacturer | Size/Type | Condition | Year | Serial No. |
|---|---|---|---|---|---|---|
| 1 | Tractor | Ford | 6610 | Poor | 1985 | 3N503C4 |
| 1 | Tractor | John Deere | 630 | Fair | | 146723L |
| 1 | Front End Loader | EZ-On | 64-B | New | 2004 | |
| 1 | Clipper | Sidewinder | 7-Foot | Fair | UK | |
| 1 | Hitch Blade | Sidewinder | 3pt.-5-Foot | Good | UK | |
| 1 | Disk | UK | 6-Foot | Fair | UK | |
| 1 | Round Hay Baler | New Idea | 6254 | New | 2004 | |
| 1 | Hay Rake | Vermeer | | Good | | |
| 1 | Fertilize Distributor | Lely | 3pt. Hitch | Fair | UK | |
| 1 | Gooseneck Cattle Trailer | C & W | | Good | 1989 | 109TB216XK1148888 |
| 1 | Hay Rake | Walton | Single | Good | | 115433 |
| 1 | Hay Cutter | Kleen | 7-Foot | Good | | 360987 |
| 1 | Cultivator | Pittsburgh | Model 13-1 | Fair | | |
| 1 | Push Blade | Sidewinder | UB-7 7-Ft. | Good | | |
| 1 | Goose Neck Trailer | C & W | 8 x 20 + 5 | New | | 46CSB25243M000066 |
| 1 | Squeeze Chute | | | New | | |

3

**FURTHER ORDERED, ADJUDGED AND DECREED** that the above described chattel property, consisting of livestock and farm equipment, be seized and sold by the United States Marshal's Service for the Southern District of Mississippi at public auction, without the benefit of appraisement, for cash to the highest bidder, and that out of the proceeds of said sale, Plaintiff be paid by preference and priority over all other persons whomsoever, the amount of the claim with interest and that the amount realized from said sale be credited *pro tanto* upon the amount of this Judgment.

The Plaintiff shall have and recover from the Defendant the total amount of $96,222.16. This sum represents $83,356.92 in unpaid principal, plus accrued interest through April 7, 2009 in the amount of $12,865.24, with interest accruing thereafter until judgment at the rate of $8.8315 per day until entry of said judgment, and at a post-judgment rate thereafter as provided by law until paid in full herein. If the proceeds from the sale of Defendant's livestock, equipment and chattels are not sufficient to pay the full amount of the judgment, the Plaintiff shall have judgment *in personam* over and against the Defendant, Julius E. Davis, for the deficiency to be enforceable in accordance with the law against any and all property and interests belonging to Defendant, Julius E. Davis, herein.

**FURTHER ORDERED, ADJUDGED AND DECREED** that the United States of America, Plaintiff herein, have judgment for costs of this proceeding, plus filing fees in the amount of $350.00 pursuant to 28 U.S.C. §2412(a)(2).

**FURTHER ORDERED, ADJUDGED AND DECREED** that Defendant, Julius E. Davis, is hereby directed ***not*** to appear at the Lincoln County Farm Service Agency ("FSA") Office located at 1395 Johnny Johnson Drive in Brookhaven, Mississippi 39601, nor the Claiborne County FSA Office located at 1204 Market Street, Port Gibson, Mississippi 39150, ***without first*** making an appointment, and is directed to not appear at any field, county and/or district office of any agency

of the United States Department of Agriculture located in the State of Mississippi *without first* making an appointment.

**ORDERED AND ADJUDGED** this   30th    day of April, 2009

                                                  s/ David Bramlette
                                              DAVID C. BRAMLETTE III
                                              United States District Judge
                                              Southern District of Mississippi